IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHARLES FREEMAN,** | : | Case No. 1:12 CV 2557 |
| Petitioner, | : | |
| v. | : | **O R D E R** |
| **TERRY TIBBALS, WARDEN,** | : | |
| Respondent. | : | |

Pursuant to LOCAL CIVIL RULE 72.2 of the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO, the habeas corpus petition filed pursuant to 28 U.S.C. § 2254 has been automatically referred to the undersigned Magistrate Judge for resolution of all pretrial matters. Pending is Petitioner's Motion to Reconsider Order Denying Request to Supplement the Record (Docket No. 12). Respondent did not file a responsive pleading.

The Magistrate denied Petitioner's request for an order compelling the production of documents memorializing specific predicate facts elicited by the four minor complainants in the underlying criminal case against him. Petitioner challenged the propriety of the undersigned Magistrate's order, making an impassioned argument that the failure to include the documents

prepared by Cuyahoga County Department of Child and Family Services violates his right to due process, particularly the notice component.

There are two reasons to deny the Motion for Reconsideration.  First, the Magistrate finds that the court of appeals conducted a constitutional fair notice-due process analysis and determined that Petitioner had waived his claim by failing to advance an objection to the sufficiency of the indictment at trial, file a motion to dismiss or move for a more specific bill of particulars.  *State v. Freeman*, 2010 WL 3168744, *5 (2010) (unreported).  This Court would be precluded from considering this claim because Petitioner waived his right to challenge the defective indictment or otherwise comply with state procedural law, thus failing to meet the threshold requirement for habeas review.

Second, it is generally well settled that a petitioner's challenge to the sufficiency of the indictment is not cognizable on federal collateral review.  *See Roe v. Baker*, 316 F. 3d 557, 569 (6th Cir. 2002) (*citing Mira v. Marshall*, 806 F. 2d 636, 639 (6th Cir. 1986)).  Even if Petitioner had not waived his right to challenge the defective indictment, the sufficiency of the indictment against Petitioner is not a matter for federal habeas relief.

For these reasons, Petitioner's Motion for Reconsideration is denied.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   June 25, 2013