**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES FREEMAN,** | ) | Case No. 1:12 CV 2557 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **TERRY A. TIBBALS, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Magistrate's Report and Recommendation ("R&R") (**Doc #: 14**). Therein, the Magistrate Judge recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Court filed by Petitioner Charles Freeman (" Petition") (**Doc #: 1**.) The Court has reviewed the R&R, Petitioner's Objections to Report and Recommendation of Magistrate Judge ("Objections" or "Obj.") (**Doc #: 15**), and the entire record and is prepared to render a ruling.

**I.**

In 2008, in separate indictments that were consolidated for trial, Petitioner Charles Freeman was accused, under Ohio Revised Code 2907.02(A)(1)(b), with three counts of engaging in unlawful sexual contact[1] with his girlfriend's daughter, a minor (Jane Doe I, d.o.b.

---

[1]O.R.C. 2907.02 addresses the crime of "rape." Under O.R.C. 2907.02, "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender," if the "other person is less than thirteen years of age." *State v. Roush*, 2013-Ohio-3162 ¶ 8 (Ohio App. 10 Dist. 2013) (quoting O.R.C. 2907.02(A)(1)(b)). Under the definitional section of O.R.C. 2907, "sexual conduct," and thus "rape," includes vaginal intercourse, anal intercourse, fellatio, cunnilingus, and "the insertion, however slight, of any part of the body . . . into the vaginal or anal opening of another." *Id*. (quoting O.R.C. 2907.01).

July 11, 1998), sixteen counts of engaging in unlawful sexual contact with his girlfriend's other daughter, a minor (Jane Doe II, d.o.b. October 8, 1999), ten counts of disseminating obscene matter to juveniles (specifically, the adults having sex in the girls' presence), one count of gross sexual imposition involving his girlfriend's son, a minor (John Doe I, d.o.b. December 15, 2000), and one count of gross sexual imposition involving his girlfriend's other son, a minor (John Doe II, d.o.b. May 23, 2002). According to the indictments, the first twenty-nine counts were alleged to have occurred during a six-month period (i.e., September 2007 to March 2008), while the last two counts were alleged to have occurred in January 2008.

The matter proceeded to a jury trial. Before resting, the State amended the indictment to make Counts 1-9 apply to Jane Doe I, the older girl, rather than just Counts 1-3. The jury convicted Petitioner on all counts, after which he was sentenced to nineteen consecutive life-without-parole terms for the unlawful sexual conduct convictions, ten consecutive 18-month prison terms for disseminating obscene matter to juveniles convictions, consecutive to two consecutive 5-year prison terms for the gross sexual imposition convictions.

On direct appeal, Petitioner challenged the sufficiency of the indictment on the ground that the "carbon copy" counts in the indictment violated his due process rights. *State v. Charles Freeman*, No. 92809, 2010 WL 3168744 (Ohio App. 8 Dist. Aug. 12, 2010). According to Petitioner, the Supreme Court decision in *Russell v. United States*, 369 U.S. 749 (1962) and the Sixth Circuit decision in *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005) demanded that all but two of his rape convictions be vacated.

In reviewing this alleged error, the state appeals court cited *Russell* as the standard for determining the validity of a state indictment. In *Russell*, 369 U.S. 749 (1962), the U.S. Supreme

Court concluded that an indictment charging a defendant with the refusal to answer questions when summoned before a congressional subcommittee was insufficient where it failed to identify the subject matter that was the subject of the inquiry. According to the appeals court, *Russell* stands for the proposition that an indictment is only sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy. *Freeman*, 2010 WL 3168744 ¶ 32. The state court found that, to the extent Petitioner was attempting on appeal to challenge the indictment for insufficiency of notice, he waived it by failing to object to it, file a motion to dismiss or a motion for a bill of particulars. The court also found that the State was able to differentiate the counts at trial, satisfying the Sixth Circuit's decision in *Valentine*. The appeals court found that the resolution of the notice issue effectively resolved the double jeopardy issue citing, in support, numerous state court cases. *See id*. ¶ 35. Finally, the court distinguished the facts in Petitioner's case from the facts in *Valentine* in rejecting this assignment of error. Notwithstanding this ruling, the state court, apparently *sua sponte*, conducted a *de novo* review of the record for sufficiency of the evidence supporting the rape counts, determined that there was insufficient evidence to support seven of the twenty rape convictions, and vacated them. *See Freeman*, 2010 WL 316874 ¶ 38.

       Petitioner now challenges the constitutional sufficiency of the indictment charging all but the GSI counts. He contends that the state appeals court cited the proper Supreme Court case when evaluating the alleged error (i.e., *Russell*), but misapplied it. He further contends that the Sixth Circuit in *Valentine*, properly applying the principles in *Russell* to an indictment virtually indistinguishable from the indictment in this case, held that an indictment containing multiple

undifferentiated charges violates the due process rights of the accused to notice and protection against double jeopardy. Accordingly, Petitioner asks the Court to either grant the writ of habeas corpus or vacate all but two of the rape counts.

The Petition was assigned to Magistrate Judge Vernelis Armstrong for the purpose of issuing a briefing schedule and preparing an R&R. Following briefing, Magistrate Judge Armstrong issued the pending R&R finding that the indictment apprised Petitioner of the unlawful sexual conduct, the time period during which the conduct occurred, and the identity of the victims by their dates of birth. She found that the bill of particulars provided more detail and clarified the bases for the nineteen distinct acts of unlawful sexual conduct with the girls; that Petitioner himself admitted numerous instances of the charged conduct during interrogation; and that the evidence at trial clarified any ambiguity about whom the Petitioner abused, how he abused each victim, where the abuse occurred, and generally when he abused them. Finally, the Magistrate Judge rejected Petitioner's argument that the amendment to the indictment following the State's case-in-chief, which amendment is expressly permitted under Ohio Crim. R. 7(D), violated his due process rights. Accordingly, the Magistrate Judge recommends that the Court deny the habeas Petition.

Petitioner objects to the R&R, raising essentially the same arguments asserted before the Magistrate Judge and citing the same Supreme Court and Sixth Circuit cases (respectively, *Russell* and *Valentine*) in support of his positions, all of which the Magistrate Judge thoroughly addressed and made findings with which the Court agrees.

After having reviewed *Russell*, *Valentine*, and other relevant cases, however, the Court writes to note my agreement with two of my colleagues in the Northern District of Ohio, both of

whom concluded that neither *Russell* nor *Valentine* constitute the applicable clearly established federal law for reviewing the constitutionality of state indictments. *See Lawwill v. Pineda*, No. 1:08 CV 2840, 2011 WL 1882456 (N.D. Ohio May 17, 2011) (Nugent, J.); *Coles v. Smith*, No. 1:10 cv 525, 2013 WL 474706 (N.D. Ohio Feb. 7, 2013) (Oliver, J.).

As noted in *Lawwill* and *Coles*, the undersigned cannot find, a single Supreme Court case that has invalidated, or considered the validity of, a state court conviction based on the sufficiency of a state indictment. Rather, as Judge Nugent observed,

> [T]he United States Supreme Court has held that the right to indictment by a grand jury in state court proceedings is not guaranteed by the U.S. Constitution. In *Apprendi v. New Jersey*, 530 U.S. 466, . . . (2000), the Supreme Court noted that the Fifth Amendment right to "presentment or indictment of a Grand Jury" does not extend to state court proceedings, and in *McDonald v. City of Chicago*, – U.S. –, at n.13 . . . (2010), the court reiterated that this federal right was not incorporated into the due process requirements assigned to the states through the Fourteenth Amendment. *See also Alexander v. Louisiana*, 405 U.S. 625, 633, . . . (1971); *Hurtado v. California*, 110 U.S. 516, 534-35 (1884)). In fact, the Supreme Court case primarily relied on by the parties addresses the requirements for a federal indictment, which are constitutionally mandated in federal cases only. *Russell v. United States*, 369 U.S. 749 (1962). Although defendants in Ohio are guaranteed the right to a grand jury indictment by the Ohio Constitution, this guarantee is not based in federal law, and therefore cannot form the basis for habeas corpus review under the AEDPA.

*Lawwill*, 2011 WL 1882456, at *5 (parallel citations omitted). *See also Coles*, 2013 WL 474706, at *6 ("The requirement that a defendant in a criminal case be charged by an indictment issued by a grand jury is required by the Fifth Amendment and is a constitutional protection that does not apply to the states.") (quoting *Alexander*, 405 U.S. at 633).

However, there is clear Supreme Court authority addressing the notice requirements for all criminal prosecutions generally.

> The Sixth Amendment, made applicable to the states by way of the Fourteenth Amendment, guarantees all criminal defendants in state prosecutions "to be informed of the nature and cause of the accusation. *Argersinger v. Hamlin*, 407 U.S. 25, 27-28, . . . (1972). The Supreme Court has found that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by the charged. . . are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Alabama*, 333 U.S. 196, 201, . . . (1948). "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." *Lankford v. Idaho*, 500 U.S. 110, 126 (1991).

*Coles v. Smith*, No. 1:10cv525, 2013 WL 474706, at *6-7 (N.D. Ohio Feb. 7, 2013) (parallel citations omitted).

The Magistrate Judge apparently appreciated this distinction when citing *Argersinger, Cole* and *Lankford* (and not the *Russell* three-part test) for the proper federal law to apply to this ground for relief. (See R&R at 14.) The Court also agrees with the Magistrate Judge's conclusion that Petitioner had fair notice of the charges against him. The indictment certainly apprised Petitioner of the nature of the conduct alleged (i.e., the repeated rape of two minors). The indictment apprised Petitioner of the identity of the two children he was accused of raping (i.e., his girlfriend's two female children). And the indictment apprised Petitioner of the time period over which those rapes were alleged to have occurred (i.e., a six-month period during which Petitioner admitted he had a relationship with the girls' mother and that he spent nearly every night there). Petitioner himself admitted to law enforcement, prior to being indicted, that he had sex with the girls' mother in the girls' presence numerous times (though it was their mother who mostly initiated the sex); he performed cunnilingus on the girls on several occasions; and he tried to insert his penis into the older girl on one occasion.

Petitioner suggests (if not contends) that the Sixth Circuit decision in *Valentine* requires this Court to grant a writ of habeas corpus. There are legal and factual problems with this contention.

First, *Valentine* is a Sixth Circuit decision which does not constitute clearly established federal law as articulated by the Supreme Court for the purpose of federal habeas review. *Coles*, 2013 WL 474706, at *4 (holding that the magistrate judge erred in applying *Valentine* in a § 2254 habeas case because Sixth Circuit precedent is not the relevant federal law to examine under AEDPA); *Lawwill*, 2011 WL 1882456, at *2 (noting that, in *Valentine's* wake, "the Supreme Court has clarified that any reliance on a circuit court decision, including that Circuit's own precedent, when determining what is 'clearly established' federal law is error under the AEDPA standard. *Renico v. Lett*, – U.S. –, 130 S.Ct. 1855, 1866, 176 L.Ed.2d 678 (2010).")

Second, *Valentine* is factually distinguishable from this case. The defendant in *Valentine* was convicted of 20 counts of child rape and 20 counts of felonious sexual penetration against his eight-year old stepdaughter. At trial, the victim described typical abusive behavior by the defendant "and then testified that the 'typical' abuse occurred twenty or fifteen times." *Valentine*, 395 F.3d at 633. The victim was the only witness to the abuse, and no further evidence was presented to distinguish one count from another. Here, the victims described the encounters in some detail – and much of their testimony was corroborated by the trial testimony of the other children and their mother, along with Petitioner through certain of his admissions on interrogation.

As to the failure of the State to specify the dates/times of the various rapes charged in the indictment, courts have held, and Petitioner concedes, that providing a wide time range for the

charges in a child abuse prosecution is not in conflict with constitutional notice requirements given the tender age of the victims. *See*, *e.g.*, *Valentine*, 395 F.3d at 632 (citing numerous state and federal cases).

Petitioner argues that the prosecution's use of a chart during final argument proves that the indictment gave him insufficient notice of the charges against him. The Court disagrees. Charts are routinely used by counsel to summarize evidence in complex trials.[2] The prosecution's use of a chart to summarize the evidence in this case was justified based on the voluminous testimony. That it helped clarify the vagueness in the indictment does not violate any clearly established federal law as articulated by the Supreme Court. In fact, the Sixth Circuit has held that a court is permitted to review the indictment, the bill of particulars, and the evidence presented at trial to determine whether any defects in the indictment are cured. *See, e.g., Cowherd v. Million*, 260 Fed. Appx. 781, 786 (6th Cir. 2008); *Valentine*, 395 F.3d at 634. And Petitioner fails to cite any clearly established Supreme Court case holding that the State's amendment of an indictment to conform to the evidence at trial, prior to deliberations, violates due process.

Petitioner asks, in the alternative, that the Court, at the very least, vacate all but two of his rape convictions based on *Valentine* – "one for each of the locations the complainant identified at trial." (Obj. at 7-8, 11.) Interestingly, he fails to assert whether the Court should

---

[2]The undersigned typically uses the following boilerplate jury instruction to address similar charts:

> During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

vacate all but two rape counts against one of the girls (in which case he failed to identify which of the girls it should target), or all but one rape count against each girl. As there is no particular rhyme or reason to the basis for this argument, it is rejected.

With regard to Petitioner's claim that the indictment violates his right to protection from being twice tried for the same offense (i.e., the Double Jeopardy clause), I also agree with my colleagues that double-jeopardy analysis is irrelevant when reviewing a state indictment and arises only after the state files a second indictment. *See Lawwill*, 2011 WL 1882456, at \*6 and *Coles*, 2013 WL 474706, at \*8 (both citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)).

### III.

For all these reasons, the Court **OVERRULES** Petitioner's Objections (**Doc #: 15**), **ADOPTS** the R&R in its entirety (Doc #: 14), and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     September 10, 2013*
**Dan Aaron Polster**
**United States District Judge**